**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BERILYN WELLS**                                                                  **CIVIL ACTION**

**VERSUS**                                                                         **NO. 06-5381**

**FIDELITY NATIONAL INSURANCE**                                                    **SECTION "K"(1)**
**COMPANY, ET AL**

ORDER AND OPINION

Before the Court are the "Motion for Summary Judgment" filed on behalf of defendant Fidelity

National Insurance Company(Doc. 20) and the "Motion for Partial Summary Judgment" filed on behalf

of plaintiff Berilyn Wells (Doc. 21).  Having reviewed the pleadings, memoranda, and relevant law, the

Court, for the reasons assigned, **GRANTS** the motion filed by Fidelity National Insurance Company and

**DENIES** as moot plaintiff's motion for partial summary judgment.

BACKGROUND

Berilyn  Wells owned a house at 5201 St. Roch Street in New Orleans, which sustained flood

damage due to Hurricane Katrina.  On August 29, 2005, Fidelity National Insurance Company ( "Fidelity"),

a "Write Your Own"("WYO")  insurance provider  under the National Flood Insurance ("NFIP") had in

effect a Standard Flood Insurance Policy ("SFIP") on the property.  The policy provided coverage limits

of $195,000.00 for building damages and $10,000.00 for contents damages.

Martin Choate, an independent adjuster estimated the damages to Ms. Well's house to be

$144,233.32.  On November 1, 2005, Fidelity tendered $143,233.32[1] to Ms. Wells.

On August 25, 2006, Berilyn Wells submitted to Fidelity a sworn proof of loss on her claim, but

_____

[1] Mr. Choate's estimate minus the $1,000.00 deductible under the policy.

provided no documentation supporting her proof of loss. On August 29, 2006, Ms. Wells filed suit against Fidelity seeking to recover the limits of coverage for both her dwelling and contents under her flood insurance policy. The following day, August 30, 2006, Fidelity rejected Ms. Well's proof of loss because she had provided inadequate documentation in support of the proof of loss.

In April 2008 Ms. Wells retained Mark Martin to inspect her house and prepare an estimate of the actual cash value to repair the house. Mr. Martin estimated the cost of repairing the damages to be $191,000.00. The next day Fidelity took Ms. Well's deposition. She testified that the repairs to the house were completed in February 2007. (Doc. 20-3, p. 30). When asked the cost of the repairs, Ms. Wells replied "[t]he exact amount I don't remember, but I know that it was somewhere between 130,000 and 135, something like that; but to pinpoint it to the exact number, I don't remember." (Doc. 20-3, p. 39). Ms. Wells also testified that the following "contents" were in the St. Roch house at the time of Katrina: a set of dishes for four, refrigerator, wooden vanities in bathrooms, kitchen cabinets, wooden blinds in all rooms, six ceiling fans, kitchen appliances, central air and heat, and a hot water heater. (Doc. 20-3, p.21-23).

Following plaintiff's deposition, plaintiff's counsel submitted to Fidelity a letter seeking reimbursement for the following: 1) air compressor - $399.00, 2) garage door opener - $177.00, 3) two toilets - $187.00 x 2 = $374.00, 4) water heater - $299.00, 5) microwave - $278.00, 6) wooden blinds - $25.98 X8+$207.88. The total submitted was $1734.84. (Doc. 20-5).

Fidelity moves for summary judgment on all plaintiff's claims contending that recovery of any additional benefits under the policy is barred because Ms. Wells failed to submit documentation to support her claim for benefits with her proof of loss, a condition precedent to filing suit to recover damages under a SFIP.

Plaintiff opposes Fidelity's motion and filed a motion for partial summary judgment seeking an

2

order that the measure of damages in her case is the Actual Cash Value of the repairs.   Defendant opposes

that  motion contending that plaintiff is not entitled to the actual cash value of repairs because an insured

is entitled to receive only the lesser amount of policy limits, the estimated cost of repair, or the actual cost

to repair, and that plaintiff has already received more than the actual cost to repair her house.

SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the

initial responsibility of informing the district court of the basis for its motion, and identifying those portions

of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v.

Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909,

912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S.

832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more

than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or

denials" are not sufficient to defeat a well-supported motion for summary judgment.  Fed.R.Civ.P. 56(e).

The nonmoving party must come forward with "specific facts showing that there is a genuine issue for

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied);

*Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588.

Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might

3

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

LAW AND ANALYSIS

The NFIP is a federally supervised and guaranteed insurance program administered by Federal Emergency Management Agency ("FEMA").   Although   Fidelity is a WYO insurance provider, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Id.* at 387; *see  Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).   Because plaintiff seeks  to recover benefits under an insurance policy issued pursuant to a federal program, the provisions of the policy must be strictly construed and enforced. *Gowland v. Aetna*, 143 F.3d at  954.

The NFIP requires a policyholder seeking payment  under a flood policy to submit a proof a of loss within sixty (60) days after the loss.  44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). However, the Court takes judicial notice that  by letter dated August 31, 2005, David I. Maurstad, the Acting Federal Insurance Administrator, expressly modified the proof of loss requirement  to require the filing of a  proof of loss only when a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim.  Where the policyholder disagreed with the insurer's adjustment, the policyholder had one year from the date of the loss to file a proof of loss.

The policyholder's proof of loss must meet the requirements set out in the insurance policy.   The SFIP  provides that the proof of loss must include specific information, including  ". . . (f) [s]pecifications of damaged buildings and detailed repair estimates,  . . ." as well as "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss."  44 C.F.R. Pt. 61, App. A(1), art. VII, J.3 and  J4(f).  The SFIP also requires that an insured attach all bills, receipts, and related documents to the inventory.  44 C.F.R. Pt. 61, App A(1) art. VII J. 3.

The "failure to timely file  a [proof of loss] complying with the regulatory requirements is a valid basis for denying an insured's claim. *Wright v. Insurance Company*, 415 F.3d at  387, *citing Neuser v. Hocker*, 246 F.3d 508, 510 (6th Cir. 2001), *Gowland v. Aetna*, 143 F.3d at 954.  To put it another way, "failure to provide a complete sworn proof of loss statement . . . relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d at 954.  "The insured may not file a lawsuit against his WYO insurer 'unless [he has] complied with **all** the requirements of th [SFIP].'" *Eichaker v. Fidelity National Property & Casualty Company*, 2008 WL 2308959 *3 (E.D. La June 3, 2008)(Africk, J), citing 44 C.F.R. pt. 61, app. A(1) art. VII. R.  It is well established that SFIP provisions cannot "be altered, varied, or waived other than by the express consent of the [Federal Insurance] Administrator."  44 C.F.R. §61.13(d); *Gowland*, 143 F.3d at 953.

Fidelity relies upon the affidavit of Deborah Price, the vice-president of claims for Fidelity National Property and Casualty Insurance Company, which states in pertinent part:

- "On August 25, 2006, the Plaintiff submitted a Proof of Loss with no documentation attached.  On August 30, 2006 Fidelity issued a letter rejecting the Proof of Loss based on the lack of adequate documentation to support the claim."
- "Plaintiff never submitted any documentation of any kind to Fidelity regarding the building and contents claim prior to filing suit. Plaintiff never submitted any documentation of any kind regarding the building and contents claim until April 2008."
- "Plaintiff to date [June 2, 2008] has not submitted and [sic] documentation, including but not limited to, bills, receipts, check, invoices, for any and all completed repairs."

(Doc. 20-4, p.3).  Plaintiff does not dispute that she did not provide Fidelity with any documentation of specifications of her damaged house,  detailed repair estimates, or inventory of damaged property,  either with her proof of loss or prior to filing suit.

Plaintiff's failure to file such documentation prior to filing suit is fatal to her claim. *Eichaker v.*

*Fidelity National Property & Casualty Company*, 2008 WL 2308959 (E.D. La. June 2, 2008)(Africk, J.). Moreover, plaintiff's belated submission of Mark Martin's estimate for repairs and her list of the damaged contents does not rectify that fatal flaw. Where, as here, a claimant under a SFIP policy submits a detailed estimate of damages long after filing the requisite proof of loss, that estimate cannot be considered in determining whether the claimant complied with Article VII. J.4., of the SFIP.

*Eichaker v. Fidelity National Property & Casualty Insurance Company*, 2008 WL 2308959 *4 n.21 (E.D. La. June 3, 2008); *see also Curole v. Louisiana Citizens Prop. Ins. Corp.*, 2007 WL 625933, at *4 (E.D. La. Feb. 23, 2007).   Because   plaintiff failed to  comply with the SFIP requirement  to file supporting documentation with her  proof of loss prior to filing suit, Fidelity is entitled to summary judgment dismissing plaintiff's claim.  Considering the dismissal of plaintiff's claim, it is unnecessary for the Court to address plaintiff's motion for partial summary judgment.  Therefore, plaintiff's motion for partial summary judgment is  denied as moot.  Accordingly,

   **IT IS ORDERED** that Fidelity National Insurance Company's   motion for summary is **GRANTED;**

   **IT IS FURTHER ORDERED** that Berilyn Well's motion for partial summary judgment is **DENIED AS  MOOT;**

   **IT IS FURTHER ORDERED** that Berilyn Well's claims against defendant Fidelity National Insurance Company  are hereby **DISMISSED WITH PREJUDICE** at her cost.

   New Orleans, Louisiana, this 14th day of July, 2008.

                                        _____
                                        STANWOOD R. DUVAL, JR.
                                        UNITED STATES DISTRICT JUDGE